Jones, J.
(dissenting). In our view it was error on the part of the trial court repeatedly to refuse defendants’ requests for what was concededly á proper charge, the substance of which was never covered in the court’s instructions to the jury. Accordingly, there should be a new trial.
The trial court properly instructed the jury as to what would constitute negligence on the part of defendants, *988 what would constitute contributory negligence on the part of plaintiff, and then what would be the consequence, as to the verdict to be rendered, of a finding that defendants or some of them were negligent but that plaintiff was free from negligence. There was, however, no counterpart charge as to what verdict should be rendered if the jury were to find defendants negligent and also find plaintiff contributorily negligent.
An exception was taken and a request made that the court give the recommended charge set forth in Pattern Jury Instructions 2:35, as it now appears at pages 44-45 of the 1981 supplement, which explicitly describes the verdict to be rendered if both defendant and plaintiff were found to-be negligent. The court refused to give this charge on the ground that it “would only create confusion in the minds of the jury”.
After deliberating, the jury returned with a request that the court clarify the law regarding contributory negligence. The court then repeated, verbatim, its initial charge as to what would constitute contributory negligence, again without any instruction as to what verdict should be rendered in the event the jury found plaintiff contributorily negligent. Again exception was taken, based on PJI 2:35, that the court had failed to charge with respect to the consequence of a finding of contributory negligence in rendering the verdict. The specific request that the supplemental charge include the sentence from the Pattern Instruction, “If you find that plaintiff was negligent and that his negligence caused or contributed in any material way to the happening of the incident, he may not recover, whether his negligence was great or slight”, was also denied.
The oft-repeated statement that a litigant is entitled only to a charge which fairly and accurately instructs the jury as to the applicable principles of law and not to a perfect charge or one that is a model of precision, should be inapplicable where, as here, the charge as given fails to address the application of the legal principles to the obligation of the jury in fashioning its verdict and the litigant requests a further instruction explicitly addressed to that subject which is unquestionably correct.
*989 Chief Judge Cooke and Judges Gabrielli, Wachtler and Fuchsberg concur in memorandum; Judge Jones dissents and votes to reverse and grant a new trial in an opinion in which Judges Jasen and Meyer concur.
Order affirmed.